## ZIMMERMAN v. MILLAN.

### No. 10725.

Court of Civil Appeals of Texas.
San Antonio.
May 22, 1940.

Ditzler H. Jones, of Uvalde, and Geo. C. Herman, of Crystal City, for appellant.

R. S. Crawford, of Crystal City, and Suttle & Kessler, of Uvalde, for appellee.

MURRAY, Justice.

This is a suit for a final accounting of the proceeds derived from the sale of a certain spinach crop planted, grown and harvested in Zavala County.

The trial was to a jury and upon their answers to two special issues judgment was rendered in favor of W. R. Millan, plaintiff below, against Ed Zimmerman, one of the defendants below, in the sum of $3,692.21.

On August 30, 1938, W. R. Millan and Ed Zimmerman entered into the following contract, · to-wit:

"The State of Texas
County of Zavala

"This contract and agreement for the growing and financing of a spinach crop, made and entered into this the 30th day of August, A. D. 1938, by and between W. R. Millan and Ed Zimmerman, both of Zavala County, Texas, Witnesseth:

"The said W. R. Millan is the owner of a 360 acre farm, which is equipped for irrigation, situated in Section 114 of the Cross S. Ranch in Zavala County, Texas, and has certain farm tools and equipment now on hand, all of which he agrees to furnish in their present condition.

"It is understood that the said Millan is indebted to the Federal Land Bank of Houston in the sum of ——— Dollars, which he must secure with a portion of the crop grown on the above mentioned farm.

"The said Ed Zimmerman agrees to furnish the necessary money with which to buy the seeds, prepare the land from this date forward, keep such machinery in condition, buy the fuel, and pay the labor necessary to prepare and timely plant, irrigate and grow such crop of spinach; and to advance said money along as needed for such purposes.

"The said Millan further agrees to supervise the growing and harvesting of said crop without additional charge.

"When such crop, or any portion thereof, is ready for harvest the same shall be harvested, packed and loaded and sold to the best advantage, and sold under the supervision of the said Ed Zimmerman, who shall have the final control of the sale of any and all crops. It is understood, however, that the said Millan shall work with the said Zimmerman in affecting sale of any and all crops in order that the same may be sold to the best advantage. The parties hereto further agree that it is their desire to, at all times, when possible to sell said spinach f. o. b. cars at Crystal City, and agree to do so if there is an f. o. b. price for such spinach acceptable to both parties. However, if no f. o. b. price be available that is acceptable to both parties, then and in that instance the parties will consign such crop as agreeable, or dump the same if agreeable, and if consigned, both parties agree to use their best efforts to procure sale by wire thereof in order to recoup the expenses incurred in loading such crops and gain all profits possible.

"When such spinach is sold the parties agree to pay the necessary sum above set out to the Federal Land Bank of Houston, Texas, which payment shall be charged against the 20% interest of said W. R. Millan; all proceeds thereafter received from the sale of such crop shall be retained by the said Zimmerman until all of his advance money, including harvesting, baskets, cutting, icing and loading has been fully repaid without interest; after these items have been repaid, the remaining proceeds of such crop shall be divided equally between the said W. R. Millan and the said Ed Zimmerman, share and share alike, but with the agreement that the said Millan shall receive 20% rentals, less the sum theretofore paid to the Federal Land Bank.

"It is agreed that if the said Millan fails to supervise and handle the growing, harvesting and loading of said crop, the said Zimmerman may complete the same, keep an account of his expenses therefor which shall be charged against the crop the same as advance money. It is further agreed that if for any reason the said Zimmerman fails or refuses to advance the necessary money, then and in that

event the said Millan shall have the right to procure the money from other sources, charging the same against the crop as in the first instance.

"The parties hereto further agree that they will turn back all lands covered by this lease as fast as the last crop therefrom is harvested.

"Witness our hands, each in duplicate, this the 30th day of August, A. D. 1938.

"W. R. Millan
"Ed Zimmerman"

Appellant does not complain of any part of the judgment except that awarding the appellee rental in the sum of $2,-263.31. It is contended that this part of the judgment is unsupported by either pleadings or evidence. The contract was copied in full in appellee's petition and contained the following provision: " * * * the remaining proceeds of such crop shall be divided equally between the said W. R. Millan and the said Ed Zimmerman, share and share alike, but with the agreement that the said Millan shall receive 20% rentals, * * *."

This provision of the contract, when taken in connection with the other allegations of the petition, to the effect that appellant and appellee were joint venturers on a spinach growing deal, that each had certain duties to perform, that appellee had fully complied with his duties, that the contract was fully performed, except a division of the profits, that an accounting had been demanded setting out what was due to appellee and a refusal by appellant to make such accounting, also alleging the amount of gross proceeds, amount of expenses, amount of advances, the net proceeds, amount of division due to appellee and that such joint venture had terminated, constituted sufficient pleadings to support the judgment for 20% rentals.

The evidence in addition to showing the provisions of the contract with reference to 20% rentals showed that in Zavala County there existed a custom of allowing the owner of the land on which spinach was grown by these joint venture contracts a 20% rental for the use of the land, and that the 20% was figured on the net profit.

Appellant plead that the 20% rental provision was included in the contract by accident and mistake, but no issue was submitted to the jury on this theory, nor was such an issue requested. Appellant also plead that after the contract was executed appellee waived this provision. This issue was submitted to the jury and decided adversely to appellant.

We conclude that the item of $2,263.31, allowed by the judgment as rental, was supported by both the pleadings and the evidence. Accordingly, the judgment is affirmed.